# HENDRICKS *v.* UNITED STATES.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 164.   Argued January 25, 1912.—Decided February 19, 1912.

The specification of the identity of a defendant and precise nature of his offense is the end, and not the beginning, of a grand jury proceeding. *Hale* v. *Henkel*, 201 U. S. 43.

An indictment for subornation of perjury committed before a grand jury inquiry into certain criminal violations of the law of the United States relating to the public lands, disposal of the same, and the unlawful fencing thereof, is not insufficient, as failing to set forth the nature and cause of the accusation, because it does not state the particular matter brought under inquiry. *Markham* v. *United States,* 160 U. S. 319.

THE facts, which involve the sufficiency of an indictment for perjury and the rights of the accused under the

Sixth Amendment to the Constitution of the United States, are stated in the opinion.

*Mr. Alfred S. Bennett* for plaintiff in error:

The provisions of the Sixth Amendment give to defendants in criminal cases important constitutional rights of which the courts will not permit them to be deprived. A substantial and serious failure to comply with its terms raises a constitutional question which the defendant may invoke as such, and which cannot be taken away by any act of legislature. *United States* v. *Cruikshank*, 92 U. S. 542; *State* v. *Weber*, 62 Atl. Rep. 1018; *Hogue* v. *United States*, 184 Fed. Rep. 248; *State* v. *Pettye*, 84 Fed. Rep. 891; *State* v. *Silverberg*, 78 Mississippi, 858; *Moline* v. *State*, 93 N. W. Rep. 228; *State* v. *Mace*, 76 Maine, 66; *McLaughlin* v. *State*, 45 Indiana, 343; *McNair* v. *People*, 89 Illinois, 444; *Reyes* v. *State*, 15 So. Rep. 876; Bishop's New Crim. Proc., §§ 104, 108, 110; *Rosen* v. *United States*, 161 U. S. 31, 40; *Turnbull* v. *United States*, 46 Fed. Rep. 755; *United States* v. *Potter*, 56 Fed. Rep. 83.

The particular proceeding in which the alleged false testimony is claimed to have been given and to which the alleged false testimony is claimed to be material must be set forth in the indictment, whether the alleged perjury was committed before a grand jury or before any other tribunal. Cases *supra* and *Commonwealth* v. *Taylor*, 96 Kentucky, 394; 29 S. W. Rep. 138; *State* v. *McCormick*, 52 Indiana, 169; *Banks* v. *State*, 78 Alabama, 14; *State* v. *Wiggin* (Miss.), 30 So. Rep. 712; *Buller* v. *State*, 33 Tex. Crim. Rep. 551; *Commonwealth* v. *Pickering*, 8 Grattan, 628; *State* v. *Koslowski*, 228 Missouri, 351; *State* v. *Ayer*, 40 Kansas, 43; 19 Pac. Rep. 403; *State* v. *McCone*, 59 Vermont, 117; *State* v. *See*, 4 Washington, 344; *Wilson* v. *State*, 115 Georgia, 206; *State* v. *Ela*, 91 Maine, 309; *Davis* v. *State*, 79 Alabama, 20; *United States* v. *Wilcox*, 4 Blatchford, 391; *Hope* v. *United States*, 184 Fed. Rep. 245; *State* v.

*Smith,* 40 Kansas, 631; *United States* v. *Robinson* (Dak.), 23 N. W. Rep. 90; *Brooks* v. *State,* 29 Tex. Appeals, 582; *Weaver* v. *State,* 34 Tex. Crim. Rep. 554; *United States* v. *Mann,* 95 U. S. 580.

It is not enough that alleged false testimony may have been material. Its materiality must be proven and established the same as any other fact in the case. *McClelland* v. *People* (Colo.), 113 Pac. Rep. 640; *State* v. *Aikins,* 32 Iowa, 413; *State* v. *Deneen,* 203 Missouri, 628; *Koslowski* v. *State* (Mo.), 128 S. W. Rep. 740; *State* v. *Smith,* 40 Kansas, 631; *Banks* v. *State,* 78 Alabama, 14; *Commonwealth* v. *Pollard,* 12 Metc. (Mass.) 229.

*Mr. Assistant Attorney General Denison,* with whom *Mr. William W. Lemmond* was on the brief, for the United States.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The plaintiff in error, upon a conviction and sentence for subornation of perjury, in violation of § 5393, Revised Statutes, prosecutes this writ of error upon the theory that a question of constitutional right was involved, arising upon a claim made in the court below that the indictment was repugnant to the Sixth Amendment to the Constitution. On the assumption that there was jurisdiction to entertain the writ, counsel also in argument assailed as erroneous certain rulings of the trial court "admitting evidence and instructions given and refused in the course of the trial."

The indictment consisted of two counts—the first charging the subornation of one George W. Hawk, and the second the subornation of one Clyde Brown, to commit perjury in giving the testimony before a Federal grand jury

As, however, on the trial the Government elected to rely upon the charge of the subornation of Hawk, we are concerned alone with the first count. The sufficiency of this count was assailed by demurrer, it being alleged "That the said count of said indictment and the matters and facts therein contained, in manner and form as the same are stated, are not sufficient in law and are not sufficient to constitute a crime and are not direct and certain." The protection of the Constitution was not, however, invoked until after conviction, when a motion to arrest judgment was made, "based upon the ground that the indictment in this case does not charge a crime, and is insufficient and does not sufficiently describe the offense, 'And does not inform the defendant of the nature and cause of the accusation,' against him and is in violation of and insufficient under the Sixth Amendment to the Constitution of the United States."

The portions of the indictment which relate to the particular matter which was under investigation before the grand jury, or which refer to the materiality of the alleged testimony, and which it is claimed exhibits the repugnancy of the indictment to the Sixth Amendment, is contained in the excerpt, which is in the margin,[1] the italics being

---

[1] That Hamilton H. Hendricks, late of the County of Wheeler, in the said district, on the fifteenth day of January, in the year of our Lord nineteen hundred and five, at and within the said County of Wheeler, in the said district, unlawfully did wilfully and corruptly suborn, instigate and procure one George W. Hawk to appear in person before them the said grand jurors, then and from thence hitherto sitting at the city of Portland, in the said district, as a grand jury of the Circuit Court of the said United States for the said district, *and, amongst other matters, inquiring into certain criminal violations of the laws of the said United States relating to the public lands and the disposal of the same, and the unlawful fencing thereof, which had then lately before been committed within the said district;* and to take his oath before the said grand jury, and upon his oath so taken to testify, depose and swear before the said grand jury in substance and to the effect *that when he the said George*

those of counsel, who assert that the italicized portion "is the portion bearing upon the question."

It is urged that the indictment did not sufficiently set

---

*W. Hawk made his application dated October 19, 1898, and filed in the land office of the said United States at The Dalles, Oregon, on October 21, 1898,* to enter certain public lands known and described as the southeast quarter of the southeast quarter of section two, the east half of the northeast quarter of section eleven, and the southwest quarter of the northwest quarter of section twelve, in township seven south and range twenty-two east, reference being had to the Willamette meridian and base line, as a homestead, under the laws of the said United States concerning homesteads, the same was honestly and in good faith made for the purpose of actual settlement and cultivation, and not for the benefit of any other person, persons, or corporations; that he the said George W. Hawk was not acting as agent of any person, corporation or syndicate in making such entry, nor in collusion with any person, corporation or syndicate to give them the benefit of the land so entered, or any part thereof, or the timber thereon; that he was not applying to enter the said lands for the purpose of speculation, but in good faith and to obtain a home for himself; that he had not made, and would not make, any agreement or contract with any person or persons, corporation or syndicate, by which the title which he should acquire from the said United States in the said lands would inure to the benefit of any person except himself, and that he himself paid the fees required by law to be paid upon the filing of such application;—that when he the said George W. Hawk, *on the second day of March, in the year nineteen hundred,* subscribed and swore to his affidavit and testimony of final proof of settlement upon and cultivation of the said lands, he had there-fore, to wit, in the month of April, 1899, commenced his residence on the said lands, and had not sold, conveyed or mortgaged any portion of the said lands: And thereupon the said George W. Hawk, in consequence and by means of the said willful and corrupt subornation, instigation and procurement of the said Hamilton H. Hendricks, afterwards, to wit, *on the twenty-third day of January, in the year nineteen hundred and five,* in the said district, did appear in person before the said grand jury, at Portland aforesaid, and then and there was in due manner sworn by the foreman thereof, and then and there took his the said George W. Hawk's oath before the said grand jury that he would testify truly, and true answers make  .  .  .  and whether he himself paid the fees required by law to be paid upon the making of such final proof."

forth "the nature and cause of the accusation" within the meaning of the Sixth Amendment, because it did not "set forth in some definite way the matter or thing which was under investigation at the particular time, so that the defendant may know as to what particular controversy the alleged false testimony is claimed to be material, and how to meet the allegation of materiality." It is claimed "that the indictment, in order to be sufficient, should have stated *the particular matter* which was being investigated by the grand jury at the time, and to which it was claimed the alleged false testimony was material;" and that if the alleged false testimony concerning Hawk's final proof upon his land "became material collaterally in some other later matter, of which the grand jury did have jurisdiction . . . . the collateral matter should have been set forth, and the indictment should have alleged that it was material in relation to that matter, so that the defendant could have an opportunity to intelligently defend as to the materiality of the alleged evidence as well as to other elements of the offense."

Reduced to their final analysis the contentions but assert that the indictment did not apprise the accused of the crime charged with such reasonable certainty that he could make his defense and be protected after judgment against another prosecution for the same offense. We are of opinion, however, that the principles settled by many prior adjudications of this court are so controlling as to foreclose discussion of the matter.

The description, in the indictment, of the proceeding in which the perjury was committed is as follows:

". . . Sitting as a grand jury . . . and, amongst other matters, inquiring into certain criminal violations of the laws of the said United States relating to the public lands and the disposal of the same, and the unlawful fencing thereof, which had then lately before been committed within the said district."

That this description adequately advised the defendant as to the identity of the proceeding in which the perjury was committed is settled by the following authorities: *Markham* v. *United States*, 160 U. S. 319, 320; *Williamson* v. *United States*, 207 U. S. 425; *Rosen* v. *United States*, 161 U. S. 29, 34, 40; *Dunbar* v. *United States*, 156 U. S. 185, 192; *Bannon* v. *United States*, 156 U. S. 464, 468; *Coffin* v. *United States*, 156 U. S. 432, 452, and *Kirby* v. *United States*, 174 U. S. 47, 64. A less definite description was held sufficient in the *Markham Case*, where the indictment specified "an inquiry then pending before and within the jurisdiction of the Commissioner of Pensions of the United States, at Washington, in the District of Columbia." As the specification of the identity of a defendant and the precise nature of his offense is normally the end, and not the beginning of grand jury proceedings (*Hale* v. *Henkel*, 201 U. S. 43, 61, 65), and the very object of the proceeding may have been to determine the identity of the criminal, it was not essential that the proceedings should state the name of a specified defendant under investigation.

That the indictment was not wanting in definiteness, because therein it was in effect simply alleged that before the grand jury, after Hawk had been sworn, the truth of the recited matters concerning which it was subsequently alleged Hawk testified falsely, "became and was a material question," and it was not specified in just what evidentiary way the perjured testimony became material, is settled by the *Markham Case* (160 U. S. 324, 325), where a similar point was directly held to be without merit.

As, in view of prior decisions, the contention based upon the Sixth Amendment was manifestly frivolous, it results that the writ of error must be dismissed.

*Writ of error dismissed.*