## In re BLACK.
### No. 272.

Circuit Court of Appeals, Second Circuit.
Feb. 2, 1931.

Harold L. Cowin, of Brooklyn, N. Y. (Herbert N. Gottlieb, of Brooklyn, N. Y., of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, J. Bertram Wegman, and Emanuel Bublick, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying a petition to set aside and vacate the service of a grand jury subpœna. The subpœna was entitled: "In the Matter of United States against John Doe." The objection made to the subpœna was on the ground that it failed to apprise the petitioner of the names of any individuals against whom the inquiry was directed or of the subject-matter of the inquiry. Judge Campbell denied the motion to vacate, and ordered the petitioner to appear before the grand jury. From that order this appeal was taken.

The statute applicable to a subpœna issued on behalf of the United States contains the following provisions: "Witnesses who are required to attend any term of a district court on the part of the United States, shall be subpoenaed to attend to testify generally on their behalf, and not to depart the court without leave thereof, or of the district attor-ney; and under such process they shall appear before the grand or petit jury, or both, as they may be required by the court or district attorney." Rev. St. § 877 (28 USCA § 655).

The appellant insists that, before a witness is compelled to testify before a grand jury, he should be apprised of the subject-matter of the inquiry or the name of the persons against whom the inquiry is addressed, and that he should not be called upon to go unaided by counsel to an inquiry which is unlimited in scope and for which he is entirely unprepared. But the privilege of a witness against self-incrimination is personal. Neither at a trial nor before a grand jury is he entitled to have the aid of counsel when testifying. It is hard to see then why he must be warned of the nature or extent of the testimony which is likely to be called for. A witness is not entitled to be furnished with facilities for evading issues or concealing true facts. Every bona fide investigation by a grand jury seeks to ferret out crime and criminals. To detect crime and to present charges against the guilty requires the most ample power of investigation. Frequently neither the nature of the crime itself, nor the identity of criminals can be forecast. To be compelled to state either in advance we think is likely to unnecessarily to impede investigation and obstruct the administration of justice.

It is true that, in the case of In re Shaw (C. C.) 172 F. 520, the service of a subpœna much like the present was set aside on the ground that it neither gave the names of the persons supposed to have committed offenses nor stated the subject-matter of the inquiry. But, in spite of our respect for the opinion of the judge who sat in that case, we cannot regard In re Shaw as in accord with sound principles. The conclusion there reached was largely based on the statement of the Supreme Court in Hale v. Henkel, 201 U. S. at page 65, 26 S. Ct. 370, 375, 50 L. Ed. 652, "* * * that, in summoning witnesses, it is quite sufficient to apprise them of the names of the parties with respect to whom they will be called to testify, without indicating the nature of the charge against them." But the most that Hale v. Henkel, supra, stood for was that a subpœna which gave the name of a defendant was sufficient, and not that even that information was necessary for the validity of the process.

The statute we have quoted regulating the issuance of subpœnas, where it says that "witnesses who are required to attend * * *

on the part of the United States, shall be subpœnaed to attend to testify generally on their behalf," seems by its very terms to allow the broadest, most unfettered, scope to any inquisition.

In a case later than In re Shaw, supra, subpœnas neither naming the persons supposed to have committed offenses, nor giving any information as to the matters to be investigated, were held valid by the District Court for the Southern District of New York in Ex parte Blair, 253 F. 800. An appeal was taken to the Supreme Court sub nomine, Blair v. United States, 250 U. S. 273, 39 S. Ct. 468, 63 L. Ed. 979, and the subpœnas were sustained. Justice Pitney, writing for the court, said (at page 282 of 250 U. S., 39 S. Ct. 468, 471) in reference to a witness subpœnaed before the grand jury: "He is not entitled to set limits to the investigation that the grand jury may conduct. The Fifth Amendment and the statutes relative to the organization of grand juries recognize such a jury as being possessed of the same powers that pertained to its British prototype, and in our system examination of witnesses by a grand jury need not be preceded by a formal charge against a particular individual. Hale v. Henkel, 201 U. S. 43, 65, 26 S. Ct. 370, 50 L. Ed. 652. It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime. As has been said before, the identity of the offender, and the precise nature of the offense, if there be one, normally are developed at the conclusion of the grand jury's labors, not at the beginning. Hendricks v. United States, 223 U. S. 178, 184, 32 S. Ct. 313, 56 L. Ed. 394."

It is true that the principal question raised in Blair v. United States, supra, was whether the subpœnas were invalid because the grand jury was without authority under the Corrupt Practices Act (Act June 25, 1910, 36 Stat. 822 as amended) to inquire into the campaign fund of a Senator. But Justice Pitney mentioned the fact that "each witness, after answering preliminary questions, asked that he be informed of the object and purpose of the inquiry and against whom it was directed." 250 U. S. at page 277, 39 S. Ct. 468, 469, 63 L. Ed. 979. The question raised in the case at bar seems, therefore, to have been considered.

Judge Westenhaver in Re National Window Glass Workers (D. C.) 287 F. 219, 221, had before him a motion to quash a subpœna which contained no information "as to the matter or proceeding, (or) the names of persons supposed to have committed offenses," but he sustained the subpœna both upon authority and upon the language of the statute as well, saying: "It has been repeatedly held that no specific charge against any person, nor any description of any alleged offense, is necessary in compelling a witness to testify before a grand jury, and that a witness may not refuse so to testify without such charge or statement having first been presented to the grand jury or communicated to him." See, also, Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652; Wilson v. United States, 221 U. S. 361, 375, 31 S. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558; United States v. Philadelphia & R. R. Co. (D. C.) 225 F. 301.

If the appellant is right in his contention, a witness, though he had been notified of a proposed inquiry, would be justified in refusing to continue his testimony if the examination developed facts calling for an incursion by the grand jury into some entirely new field not mentioned in the subpœna and as to which he had not been warned. His need of counsel would be as great in such a situation as it is here if the grand jury set out upon an inquiry which he had been unable to foresee. Such a result would certainly be absurd; yet it would be quite inevitable if appellant's contention be sound. A witness must rely for any needed protection upon his personal privilege against self-incrimination to be invoked when the occasion arises.

The grand jury is an arm of the court, and, if it abuses its powers, it may doubtless be controlled. The issuance of subpœnas in a John Doe proceeding is no evidence of such abuse. But, in order to justify an unprecedented interference with usual processes, there should have been the clearest proof that the inquiry was not instituted in good faith or that the object was to use the subpœna for ulterior purposes, rather than to conduct a lawful inquisition. Hale v. Henkel, 201 U. S. 65, 26 S. Ct. 370, 50 L. Ed. 652.

The order is affirmed.