UNITED STATES of America, Plaintiff,

v.

Blanchard McLEOD et al., Defendants.

Civ. A. No. 3188.

United States District Court
S. D. Alabama, N. D.
March 19, 1964.

384

Nicholas deB. Katzenbach, Deputy Atty. Gen., Dept. of Justice, D. Robert Owen, Atty., Dept. of Justice, Washington, D. C., Vernol R. Jansen, Jr., U. S. Atty., S. D. of Alabama, Mobile, Ala., John Doar and David Norman, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

McLean Pitts, Pitts, Pitts & Jackson, Selma, Ala., J. E. Wilkinson, Jr., Wilkinson, Wilkinson & Russell, Selma, Ala., T. G. Gayle, Selma, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

This cause comes on to be heard on petition of the United States of America, Plaintiff, for: (1) A preliminary injunction restraining defendants McLeod, Reese, Clark, Houston, Hare and Wilkinson their agents, servants, officers, employees and attorneys, and all persons acting in concert or participation with them, from commanding, by any means, the attendance before the Grand Jury of the Circuit Court of Dallas County, Alabama, at any time, of certain attorneys of the Civil Rights Division of the Department of Justice; (2) A preliminary injunction restraining Defendant Clark, his agents, employees, officers, and all persons acting in concert or participation with him, from intimidating, threatening, coercing or attempting to intimidate, threaten or coerce any person for the purpose of interfering with the right of that person or persons to vote in Dallas County for candidates for Federal office, or punishing any person for having registered or attempted to register to vote and voting for such candidates, whether by arrest, threatened arrest, holding in custody, prosecuting or attempting to prosecute any person, stationing deputies inside voter registration meetings, stationing deputies along voter lines, or by any other means; (3) A preliminary injunction restraining the defendants McLeod, Hare, Reese, Wilkinson and Houston, their agents, officers, employees and all persons acting in concert or participation with them from intimidating, threatening, coercing, or attempting to intimidate, threaten, or coerce any person for the purpose of interfering with the right of that person or any other person to become registered to vote and to vote in Dallas County for candidates for Federal office; and (4) A preliminary injunction restraining defendants Dallas County White Citizens Council, Jones, Rentz, Beers, Waugh, Sims, Arrington, and Hicks, their agents, etc., from essentially the same thing.

On an oral motion of the Attorney General of Alabama a severance was

granted as to Defendants McLeod, Reese, Clark, Hare, Houston and Wilkinson on one side, and Dallas County Citizens Council, Jones, Rentz, Beers, Waugh, Sims, Arrington and Hicks on the other. The Court proceeded to hear evidence on the former, with a hearing as to the latter to be set.

This matter was first brought to the attention of the Court on November 12, 1963, when the Plaintiff filed a motion for a temporary restraining order pending hearing on plaintiff's motion for a preliminary injunction. The Court refused to issue an *ex parte* temporary restraining order and denied the motion, it being the considered judgment of the Court that there was no clear showing that immediate and irreparable injury, loss, or damage would result to the applicant before notice could be served and a hearing had thereon, as required by 65(b), Federal Rules of Civil Procedure. The plaintiff immediately filed notice of appeal from the order denying plaintiff's motion or application for a temporary restraining order.

The Fifth Circuit Court of Appeals promptly convened and at 3:00 p. m., November 13, 1963, reversed the order of this Court, and ordered "The District Court shall forthwith enter an order restraining each of the above named appellees, their agents, servants, officers, employees, and attorneys and all persons acting in concert or participating with them from commanding or attempting to compel the attendance before the Grand Jury of the Circuit Court of Dallas County, Alabama, Fall Term 1963, on November 13, 1963, or any other day, of Burke Marshall, Assistant Attorney General, John Doar, First Assistant to the Assistant Attorney General, Richard Wasserstrom, Attorney, David H. Marlin, Attorney, Arvid A. Sather, Attorney, and Kenneth McIntyre, Attorney, attorneys of the Civil Rights Division of the Department of Justice, by serving or enforcing or attempting to enforce the subpoenas bearing the return date of November 13, 1963, previously issued, or from arresting or holding in custody or attempting to arrest or hold in custody any of the aforesaid attorneys of the Department of Justice as a result of any action or by or under the authority of any of the aforesaid appellees or as a result of any failure on the part of any said attorneys to appear before said Grand Jury, the said restraining order to remain in effect until the disposition by said court of the application now pending before it for a temporary injunction which is set for hearing on December 5, 1963."

Pursuant to the above order, this Court, on November 14, 1963, issued a restraining order as directed, to remain in effect until disposition could be had on the application for temporary injunction.

The hearing on the application for a temporary injunction commenced December 5, 1963. The plaintiff called numerous witnesses and introduced numerous exhibits, during the days of December 5, 6, 16 and 18, 1963. Upon the resting of its case by the plaintiff, an oral motion for a directed verdict, pursuant to Rule 50, Federal Rules of Civil Procedure, was directed on behalf of each defendant, separately and severally, to each count or claim set forth in the complaint. The motion was also written and filed with the Court. The motion for a directed verdict was taken under submission and the Court recessed. On December 20, 1963, defendants filed a motion to deny plaintiff's application or petition for a temporary injunction. It is on these motions that the cause is now considered by the Court.

One aspect of this case is closely akin to the case of United States of America v. Dallas County, et al., D.C., 229 F. Supp. 1014. That particular aspect has to do with the alleged abuse and misuse of the power of their office by various Dallas County officials contrary to the provisions of 42 U.S.C. § 1971. Since the Dallas County case does deal with and dispose of that aspect, the Court will here confine itself to the motion for preliminary or temporary injunction directed to the Dallas County Grand Jury

phase of the case. The plaintiff made an oral motion to consolidate the two cases, but the Court is of the opinion that the two cases are of sufficiently different nature to warrant that the motion be denied.

Though it greatly taxed the imagination of the Court to see any connection between the greater part of the testimony and the issue at hand, the government was allowed to build its record as it desired. Numerous witnesses were examined, many exhibits were received in evidence, including a myriad number of photographs. The transcript of the proceedings totaled some 608 pages, though the defense did not put on its case, the cause having been recessed on the defendant's motion for a directed verdict upon the resting of plaintiff's case. The government was allowed to place in evidence the transcript of the proceedings in the Dallas County case. The Court did, in its discretion, refuse to allow the government to introduce a movie in evidence and refused to view it, since it would have added nothing to what the Court had already seen from photographs and heard from the numerous witnesses.

The government produced as witnesses four attorneys of the Justice Department who had been subpoenaed to appear before the Dallas County Grand Jury, November 13, 1963. These attorneys testified as to their activities in the state of Alabama and Dallas County. Their testimony indicated that their only activity in the state concerned the carrying out of their official duties as Justice Department attorneys. Arvid Sather, one of the attorneys, testified on cross-examination that he believed that his appearance before the Dallas County Grand Jury would have had the effect of intimidating or coercing Negroes into not attempting to become registered voters.

Numerous witnesses testified that they had been subpoenaed to appear and did appear before the Grand Jury on November 13, 1963. The Court sustained objections to questions propounded to these witnesses pertaining to what transpired during the proceedings of the Grand Jury. In sustaining such objections the Court relied upon its reasoning as set forth in United States v. Crolich, D.C. S.D.Ala., 1952, 101 F.Supp. 782, and other cases cited therein.

In its petition for an injunction directed toward the Dallas County Grand Jury phase of the case and those officials responsible for its functioning, it is the contention of the Department of Justice that the time of the attorneys of the Civil Rights Division should not be spent appearing before a state grand jury. This seems to be set out rather succinctly in the affidavit of Burke Marshall, Assistant Attorney General, in charge of the Civil Rights Division. Mr. Marshall's affidavit, attached to the complaint, states: " * * * The diversion of the time and energies of any of these staff attorneys to state grand jury appearances would necessarily interfere with and obstruct the conduct of our overall program for enforcing voting rights. * * * Our time and energies are fully consumed in supervising and directing the complex operations of the Division. The diversion of the time and energies of either of us to state grand jury appearances would interfere with and obstruct the operations of the entire Division in enforcing the civil rights statutes of the United States."

█ The Court appreciates the fact that the attorneys of Mr. Marshall's staff (Civil Rights Division) are very busy men. The current docket of this Court will attest to that fact. However, there are many individuals equally busy who are called upon to appear and do appear before grand juries. The Court finds no justification for clothing the attorneys of the Civil Rights Division of the Department of Justice with immunity from having to submit to the investigative powers of a duly convened lawful grand jury.

█ The purpose of any inquiry of a grand jury is to gather facts which will enable it to determine whether formal charges should be made against

someone. Hendricks v. United States, 1912, 223 U.S. 178, 32 S.Ct. 313, 56 L.Ed. 394. A witness can rarely, if ever, know whether his testimony is relevant or not since no formal charge against any one need have been made before a witness can be compelled to testify before a grand jury. Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652.

■■ A witness before a grand jury cannot question what it can investigate or the scope of its inquiry. Blair v. United States, 1919, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979. Any person who is within the jurisdiction of a grand jury, if lawfully summoned, must appear and answer questions asked concerning the truth of the matter under investigation. The competency of the relevancy of their testimony is of no concern to the witness. Nelson v. United States, 1906, 201 U.S. 92, 26 S.Ct. 358, 50 L.Ed. 673. Of course the Court recognizes the constitutional guarantees against self-incrimination.

■■ It is presumed that an inquiry by a grand jury is carried on in good faith, and that the grand jury will be guided in its acts by court decisions defining its power and authority. If the grand jury should abuse its power it may be controlled, since it is an arm of the court. But, as pointed out in In Re Black, 2 Cir., 1931, 47 F.2d 542, 544, " * * * in order to justify an unprecedented interference with usual processes, there should have been the clearest proof that the inquiry was not instituted in good faith or that the object was to use the subpoena for ulterior purposes, rather than to conduct a lawful inquisition."

As pointed out by the Fifth Circuit Court of Appeals in the case of United States v. Harte-Hanks Newspapers, 5 Cir., 1958, 254 F.2d 366, 369, "The office of the Grand Jury under our system is an important one, and its ability to function should not be limited by questions of propriety * * * it being vital that it possess the power to conduct broad investigations fettered only by the requirement that constitutional rights be not infringed."

The Court, having heard all the testimony, examined all the evidence, and observed the demeanor of all parties, counsel and witnesses, is of the firm opinion that there has been a complete absence of any showing that the Grand Jury was not acting in good faith when it issued the subpoenas to the attorneys of the Justice Department. There has been no showing that the object was to use the subpoenas for ulterior purposes, rather than to conduct a lawful inquisition. The Court is therefore of the opinion that the defendants' motion to deny plaintiff's application or petition for a preliminary injunction should be granted.

An order in accordance herewith will be entered.