Hyman Barshay, J.
This is an application of the regular April 1964 Grand Jury in the County of Kings, as duly extended, for the direction of the court, to the witnesses, Joseph Colombo, Lawrence Gallo, Albert Gallo, John Oddo, Joseph Livoti, Salvatore Peritore and Carmine Lombardozzi, to return to the Grand Jury and answer proper and legal interrogatories propounded to them, or, in the alternative, for an order adjudging each of them in criminal contempt of court pursuant to subdivision 3 of section 750 of the Judiciary Law of the State of New York, upon their failure to comply with the court’s direction to do so.
*584 The regular April 1964 Grand Jury of the County of Kings, as extended, has been and is conducting an investigation to determine whether the crimes of conspiracy, bribery, corruption, coercion, extortion and usury were committed in Kings County by certain individuals. The Grand Jury heard testimony of several witnesses and examined certain books and records pertinent to the investigation. A reading of the Grand Jury minutes by the court leads it to the conclusion that the inquiry being made by the Grand Jury was in compliance with the law conferring duties upon the Grand Jury, section 245 of the Code of Criminal Procedure, which reads as follows: “ Power of grand jury to inquire into crimes, etc. The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court.”
Section 253 of the Code of Criminal Procedure states: “ Grand jury must inquire as to persons imprisoned on criminal charges and not indicted, and the misconduct of public officers. The grand jury must inquire, * * *
‘ ‘ 2. Into the wilful and corrupt misconduct in office, of public officers of every description, in the county.”
The witness, John Oddo, appeared before the Grand Jury on October 14,1965. He was advised as follows:
“ The Grand Jury is conducting an investigation into conspiracy to commit the crimes of bribery, corruption, extortion, and as part of this investigation the Grand Jury has seen fit to call you as a witness. The Grand Jury is seeking to determine whether or not certain individuals have conspired to commit the aforementioned crimes as a means of entering legitimate business areas. The Grand Jury is seeking to determine that these individuals have agreed among themselves to use tactics which could be violations of the State Penal Law as a means of entering legitimate business enterprises, is that clear? ”
He was further advised that if he testifies without asserting his privilege against self incrimination, he may be waiving his rights and that anything he says may be used against him. He was further advised as follows: “If you are going to assert your Fifth Amendment privilege against self incrimination, you will have to state so with respect to the questions put to you to indicate that you wish to be granted immunity by this Grand Jury. Now Mr. Oddo, in what business are you engaged in presently? ” He declined to answer on the ground that he had no opportunity to consult with his counsel and therefore he is asserting the Fifth Amendment privilege against self incrimination. The District Attorney thereupon requested the Grand Jury to grant the witness immunity from prosecution, The *585 Grand Jury, in the absence of the witness, the stenographer and the District Attorney, voted to grant the witness immunity. He returned to the Grand Jury room; was advised that the Grand Jury voted to grant him immunity whereby anything he testifies to cannot be used against him, and if he discloses any crime he cannot be indicted for such crime. Upon being asked the same question, he advised the Grand Jury that he wished to consult with counsel because he did not understand the meaning of the word “ immunity ” and he was excused until the 20th of October.
On October 20 he returned to the Grand Jury. He was advised that he was a witness only, was permitted to consult with counsel, and was asked if he knew persons by the names of Salvatore Peritore and Joseph Colombo. He declined to answer on the ground that to do so would degrade and incriminate lfim. He left the Grand Jury room with the District Attorney and stenoggrapher. Upon his return, the District Attorney advised him that the Grand Jury had voted to grant immunity to him. He was further advised that he no longer has the legal right to refuse to answer questions and that he could be punished for contempt of court for refusing to answer the questions, and he was further advised that if he answered questions falsely, he could be charged with the crime of perjury; but if he did answer the questions, he could not be prosecuted for any crime which his testimony might show he committed, and his testimony could never be used against him in any way. He replied that the advice was clear to him; he was then asked the same questions and he declined to answer on the ground that to do so would degrade and incriminate him.
The witness, Joseph Livoti, appeared before the Grand Jury on October 20. The identical procedure was followed with respect to Mm as was done with respect to the witness Oddo. He was advised that he was a witness only and was asked if he knew certain Mdividuals. He thereupon declined to answer on the ground that to do so would degrade and incriminate him. The Grand Jury in his absence voted to grant immunity to him and upon his return to the Grand Jury room he was so advised. The District Attorney then explained to him the meaning of the immunity granted. The same questions again were put to him with respect to his knowledge of certain individuals and again, despite the grant of immunity given him by the Grand Jury, he declined to answer them on the ground that to do so would degrade and incriminate him.
The witness, Salvatore Peritore, appeared before the Grand Jury on October 20, 1965 and was advised that he was a witness *586 only. He was further advised of the purpose of the investigation and that there was evidence that he and five or six others met in the Hotel Concord in Sullivan County on September 6, 1965, and that the Grand Jury was desirous of knowing the purpose of that meeting, Permission was given him to consult with his attorney. Thereafter questions were put to him which he declined to answer on the ground that his answers would degrade and incriminate him. He thereupon left the Grand Jury room and in his absence the Grand Jury voted to grant immunity to him. He returned to the Grand Jury room, was apprised of that fact and the meaning thereof and was again asked the same questions and again declined to answer them on the ground that to do so would degrade and incriminate him.
The witness, Albert Gallo, appeared before the Grand Jury; ■was advised that he was a witness only; was asked certain questions which he declined to answer on the ground that to do so might tend to incriminate him and asserted that he would decline to answer any questions put to him on the ground that they would violate his Federal constitutional privilege against self-incrimination. He left the Grand Jury room and the Grand Jury voted to grant immunity to him. When he returned to the Grand Jury room he was so advised and the meaning of the immunity granted was explained to him. The same questions were put to him and he again declined to answer them on the ground of self incrimination. He then was directed by the foreman to answer the questions, which he refused to do.
The witness, Lawrence Gallo, appeared before the Grand Jury and was advised of the purpose of the Grand Jury investigation. Questions were put to him, which he declined to answer on the ground that to do so would degrade and incriminate him. He also questioned the jurisdiction of the Grand Jury, He, too, left the Grand Jury room and the Grand Jury voted to grant immunity to him. When he returned, he was so advised and was explained the meaning of the immunity granted. The same questions again were put to him and he declined to answer them on the same ground. The foreman directed him to answer; he declined to do so and again asserted his privilege against self incrimination.
The witness, Carmine Lombardozzi, appeared before the Grand ¿Jury on September 16. He was advised of the purpose of the investigation, of his right to consult with counsel, of his right to assert his privilege against self incrimination under the Federal and State Constitutions, and of his right to assert *587 such privilege in response to any questions put to him. Questions were put to him which he declined to answer on the ground that it would degrade and incriminate him. He advised the Grand Jury that he would continue to assert the privilege against self incrimination in respect to any and all questions put to him unless he was granted immunity. He thereupon left the room. Upon his return he was advised that in his absence the Grand Jury had voted to grant immunity to him and was explained the meaning of the immunity granted. He then was asked if he knew certain individuals. He replied that he is under charges of assault in Kings County in the State court and under indictment in a Federal court for income tax evasion for the years 1961 and 1963. He stated that he was prepared to answer all questions the law required him to answer but challenged the Grand Jury’s power to inquire into his personal finances and business transactions on the ground that they were not material or relevant to the investigation. He also requested a determination by the court as to “what relevancy, if any, his personal business affairs have to do with this investigation and upon what basis he has been selected as a witness, whose commercial and personal financial transactions should be investigated.”
The witness, Joseph Colombo, appeared before the Grand Jury on October 14, 1965. He was informed that he was only a witness and was told the purpose of the Grand Jury investigation. He then made a statement challenging the Grand Jury’s power and jurisdiction to inquire into any events alleged to have occurred in Sullivan County, and its power and jurisdiction to inquire into his personal finances, business transactions and other personal affairs on the ground that they were not relevant to the Grand Jury’s investigation. He then asked the court to rule on the relevancy of his personal finances and business affairs to the investigation, and declined to answer any questions on the aforesaid grounds. He was excused from the Grand Jury room and in his absence the Grand Jury voted to grant immunity to him. When he returned to the Grand Jury room he was so advised and the meaning of the immunity granted as explained to him. He repeated his challenge regarding the power and jurisdiction of the Grand Jury to inquire into the matters above set forth.
Each of the witnesses at all the aforesaid times was represented by counsel who orally argued their respective contentions. In addition, the minutes of the proceedings were furnished to counsel.
*588 In response to the request of the witnesses Colombo and Lombardozzi for a decision of this court as to the relevancy of the inquiry into their personal finances and business transactions and as to the jurisdiction of the Kings County Grand Jury to investigate alleged occurrences in Sullivan County, the court holds that the information sought by the Grand Jury is within its jurisdiction and relevant and material to this investigation. An investigation by a Grand Jury involves all of the powers and incidents necessary to complete inquiry into such matter (People ex rel. Karlin v. Culkin, 248 N. Y. 465). While the Grand Jury was under no obligation to reveal to the witnesses, prior to their testifying, the subject or materiality of the inquiry (Matter of Inter City Assoc., 207 Misc. 1012; Matter of Manning v. Valente, 272 App. Div. 358, affd. 297 N. Y. 681), in this instance each of the witnesses was so advised. The witnesses are not entitled to have the investigation halted to permit ‘ forecasts of the testimony and nicely balanced arguments as to its probable importance ” (Matter of Manning v. Valente, supra). The witnesses have failed to sustain their burden of demonstrating any bad faith or patent invalidity in this inquiry (Matter of Greenleaf, 176 Misc. 566, affd. sub nom. Matter of Greenleaf v. Goldstein, 266 App. Div. 658, affd. 291 N. Y. 690).
The court holds that while the Grand Jury is empowered to inquire into all crimes committed or triable in its county, it has broad powers to investigate whether or not a crime has been committed within its jurisdiction (Blair v. United States, 250 U. S. 273). If there is proof that a crime or a conspiracy to commit a crime originated in Kings County, the Grand Jury has the power to inquire whether the conspiracy continued and has culminated in any other locality within or without its jurisdiction.
The court further holds that the immunity granted to each of the witnesses, pursuant to section 2447 of the Penal Law, protects each of them against prosecution for any crime that their testimony may disclose and is coextensive with their privilege against self incrimination in the State and Federal courts (Murphy v. Waterfront Comm., 378 U. S. 52). In other words, testimony obtained under the grant of immunity conferred upon each of the witnesses cannot be used, directly or indirectly, by the Federal Government, against them, in any prosecution for the Federal crime.
The court accordingly holds that each witness has been granted full and complete immunity from prosecution for or on account of any transaction, matter or thing concerning which *589 he gives testimony in this jurisdiction, or the use directly or indirectly of said testimony in the Federal or any jurisdiction.
I therefore direct:
That each of the witnesses return to the Grand Jury and answer the competent legal and proper interrogatories put to him.
In view of the fact that each witness has appeared before me this day with his counsel, has been informed of the court’s determination herein, and each witness — except Carmine Lombardozzi, who has informed the court that he will and did return to the Grand Jury to testify and whose examination is presently incomplete — has advised the court that he will not answer any of the legal and proper interrogatories put to him, I find that each is guilty of a criminal contempt of court in violation of subdivision 3, of section 750, of the Judiciary Law, in that each witness in the immediate presence of the court has willfully disobeyed the lawful mandate of this court to answer legal and proper interrogatories; and for such criminal contempt each of the witnesses, except Carmine Lombardozzi, is hereby sentenced to the Civil Prison of the City of New York for a term of 30 days, and in addition thereto to pay a fine of $250, and in the event said fine is not paid, he shall be imprisoned for an additional term of 30 days. Submit order.