**In re GRAND JURY PROCEEDINGS,**

**Appeal of Carol HILL, Appellant.**

**No. 85–1702.**

United States Court of Appeals,
First Circuit.

Submitted Oct. 11, 1985.
Decided March 11, 1986.

---

Jill C. Elijah on brief for appellant.

Michael K. Loucks, Asst. U.S. Atty. and William F. Weld, U.S. Atty., Boston, Mass., on brief for appellee.

Before BOWNES, BREYER and TOR-RUELLA, Circuit Judges.

PER CURIAM.

This appeal presents three questions: whether, under the circumstances before

us, the Government must show need and relevance before a Grand Jury subpoena can be enforced against Carol Hill, a paralegal; whether the district court should have held an evidentiary hearing on Hill's motion for disclosure of electronic surveillance; and whether Hill's right to confrontation was violated when the district court considered *in camera* an *ex parte* affidavit before ruling on her motions.

*Facts*

Carol Hill was subpoenaed to testify before, and to provide fingerprints, handwriting exemplars and a photograph to, a federal Grand Jury sitting in the District of Massachusetts. In response, she filed a motion to quash the subpoena and a motion under 18 U.S.C. § 3504 (1985) for disclosure of electronic surveillance. As bases for her motion to quash, she argued that she had been employed as a paralegal for Attorney William Kunstler; that she had worked on the defense of one Christopher King; that the Grand Jury subpoena sought information privileged under the attorney client and/or the work product privilege; that enforcement of the subpoena would have a "chilling effect" on King's Sixth Amendment rights; that enforcement of the subpoena would violate her own First and Fifth Amendment rights to work as a paralegal; and that the subpoena was the product of unlawful electronic surveillance.

The Government responded with an objection to the motion to quash. It submitted an *ex parte in camera* affidavit, setting forth the factual bases and investigative sources for the questions to be put to Hill, and two additional affidavits, setting forth a denial of illegal electronic surveillance and the absence of a nexus between the questions to be asked of Hill before the Grand Jury and any electronic surveillance. After a hearing, the district court denied Hill's motions without prejudice to their renewal after Hill was questioned before the Grand Jury.

Hill appeared before the Grand Jury and refused to answer any questions beyond those relating to her name, address and prior employment history, asserting, among others, her Fifth Amendment right against self-incrimination. The Assistant United States Attorney ["AUSA"] advised Hill that she had been granted immunity from prosecution and showed her an order from the judge directing her to testify. Hill refused.

The court held another hearing. Hill realleged her original objection to testifying before or providing evidence to the Grand Jury. The court overruled her objections and ordered her to testify and provide evidence.

Hill remained recalcitrant. The Government filed a petition for contempt; after a hearing, the petition was granted. The court ordered Hill incarcerated during the life of the Grand Jury and denied her bail pending appeal.[1] We affirmed the order denying bail.

*Need and Relevance*

Hill argues first that the Sixth Amendment requires the Government to show need and relevance[2] before a grand jury

---

1. Hill has waived her right under 28 U.S.C. § 1826(b) (Supp.1985) to have her appeal decided within 30 days.

2. There is no First Circuit authority on the viability of the "need and relevance" test. The assertion in Hill's brief that this circuit has embraced the standard in *In re Grand Jury Matters,* 751 F.2d 13 (1st Cir.1984) is, wrong. Most of the other circuits which have assessed the need and relevance test have rejected it as not mandated by the Fifth or Sixth Amendments. *In re Grand Jury Subpoena Served Upon John Doe, Esq. (Slotnick),* 781 F.2d 238, 243–49 (2d Cir. *en banc,* 1986) (neither 5th nor 6th Amendment mandates "need & relevance" showing before subpoena against attorney of unindicted target can be enforced); *In the Matter of Klein,* 776 F.2d 628, 632–34 (7th Cir.1985) (6th Amendment does not mandate test before subpoena against attorneys for grand jury witnesses can be enforced); *In re Grand Jury Subpoena (Battle),* 748 F.2d 327, 329–30 (6th Cir.1984) (Fourth Amendment requires *no showing* of relevancy before witness can be forced to produce records); *In re Grand Jury Proceeding* (Schofield), 721 F.2d 1221, 1222–23 and n. 1 (9th Cir.1983) (Court rejects argument that test is necessary to assist district court in deciding whether attorney/client privilege applies to prior attorney of current target); *In re Grand Jury*

subpoena can be enforced against a paralegal working[3] on the defense and appeal of state and federal charges against the target of the investigation. She insists that the need and relevance test is mandated "[w]here, as here, [a] fundamental constitutional [right is] at stake...." The fundamental constitutional right to which she alludes is the target's right to counsel of his choice—a right that, she claims, will be irreparably damaged should she be forced to testify.

■ We review the district court's refusal to quash the subpoena for abuse of discretion. *In re Grand Jury Matters,* 751 F.2d 13, 16 (1st Cir.1984).

■ Assuming for purposes of our discussion and without deciding that a target has a right to counsel, that there exists a constitutional right to counsel of one's choice and that Hill has standing to raise these arguments on King's behalf, it is apparent that Hill's testimony before the Grand Jury would, in no meaningful way, affect King's asserted right to his counsel of choice.[4] Should Hill testify, King would remain free to select Kunstler as his attorney. Hill is not Kunstler's alter ego; she is, or was, his employee and, presumably, is not responsible for significant trial and investigative strategies or decisions. If King

has a protected relationship at all, it is with Kunstler, and absent some extraordinary showing, Kunstler's agents or employees do not stand in his shoes. The potential erosion of confidence King may sustain as a result of Hill's testimony is too attenuated to be constitutionally significant. Whatever right King may have to choose Kunstler cannot serve as a shield to legitimate the silence of Kunstler's entire staff: this would effectively defeat Grand Jury investigations.

Accordingly, we reject Hill's claim that her testimony would violate King's right to counsel.

*Illegal Electronic Surveillance*

Hill argues next that the district court erred in denying her motion for an evidentiary hearing where there were factual issues in dispute regarding the existence of illegal electronic surveillance.

In support of her claim of an illegal wiretap, Hill submitted an affidavit describing echoes of other voices on her line, frequent clicking sounds, and difficulty getting a dial tone. She also submitted an affidavit of an undercover agent: the agent stated that he had attempted to record a conversation with Hill on at least one occasion.

---

*Proceedings (Freeman),* 708 F.2d 1571, 1575 (11th Cir.1983) (Court refuses to adopt, pursuant to its supervisory powers, need and relevance test in favor of an attorney called to testify before the grand jury against targets/clients); *compare In re Special Grand Jury No. 81–1,* 676 F.2d 1005, 1009–12 (4th Cir.), *vacated on other grounds* 697 F.2d 112 (4th Cir.1982) (attorney/client privilege considerations and Sixth Amendment interests require a preliminary showing of need and relevance before subpoena against target's attorney can be enforced); *In the Matter of Grand Jury Subpoena Duces Tecum (Dorokee Co.),* 697 F.2d 277, 280–81 (10th Cir.1983) (Court holds that in seeking enforcement of a grand jury subpoena against attorney/accountant who prepared tax returns for subject of a grand jury proceeding, government must show relevance); *In re Grand Jury Proceedings (Schofield),* 486 F.2d 85, 93 (3d Cir.1973) (before subpoena can be enforced against witness, government must show that material sought is relevant to its investigation; court imposes this requirement pursuant to its

supervisory power over grand juries and pursuant to 28 U.S.C. § 1826(a)).

**3.** It is not clear from the record that Hill is, in fact, "working" as a paralegal for Kunstler or King at this time.

**4.** Hill does not urge that the questions asked of her are protected by the attorney-client privilege. We assume, without deciding, that if it were shown that Hill was, in fact, a paralegal or an otherwise authorized agent of a qualified attorney, Hill could assert a claim of privilege. *See e.g., Fisher v. United States,* 425 U.S. 391, 402 n. 8, 96 S.Ct. 1569, 1576 n. 8, 48 L.Ed.2d 39 (1976) (attorney may raise attorney-client privilege); *United States v. Kovel,* 296 F.2d 918 (2d Cir.1961) (under some circumstances, attorney-client privilege may apply to employee/agent of lawyer); *Dabney v. Investment Corporation of America,* 82 F.R.D. 464, 465 (E.D.Pa.1979) (privilege, if applicable, applies to paralegals, among others); *see generally* 8 Wigmore, Evidence § 2301 (McNaughton Rev.1961).

The Government responded with affidavits from an F.B.I. Special Agent and the AUSA conducting the Grand Jury investigation. The affidavits denied that Hill's appearance before the Grand Jury, and the questions to be asked of her, were the result of any illegal electronic surveillance, and denied Hill's specific claim of surveillance. As noted above, the AUSA submitted, in addition, an *ex parte in camera* affidavit detailing the sources of the information providing the basis for the questions to put to Hill.

A showing of illegal wiretapping constitutes a defense to contempt charges. *Gelbard v. United States*, 408 U.S. 41, 47, 92 S.Ct. 2357, 2360, 33 L.Ed.2d 179 (1972). Once a claim of illegal electronic surveillance is made, the Government must " 'affirm or deny the occurrence of the alleged unlawful act.' " *In re Quinn*, 525 F.2d 222, 225 (1st Cir.1975) (citation omitted); *see In re Pantojas*, 628 F.2d 701, 703–04 (1st Cir.1980).

> Courts have interpreted [18 U.S.C. § 3504] to require the Government to make it reasonably clear that its denial is based on sufficient knowledge to be meaningful.... In general, we shall expect the Government's denial to be amplified to the point of showing that those responding were in a position, by first-hand knowledge or through inquiry, reasonably to ascertain whether or not relevant illegal activities took place; but we shall not ordinarily require evidentiary hearings nor shall we require unrealistically perfect affidavits....

*Quinn*, 525 F.2d at 225 (citations omitted).

We have recently noted that it is relevant to consider whether the attorney conducting the Grand Jury investigation files an affidavit in response to a § 3504 claim. *In re Tse*, 748 F.2d 722, 728 (1st Cir.1984). This factor is significant because "the attorney investigating and formulating the questions to the witness will likely have sifted through the evidence and thus will be in a position to recognize whether the evidence on which the questions are based

is the product of, say, direct interviews with informants or something else." *Id.*

After considering the identity of the affiants and the substance of the affidavits, we conclude that the affidavits submitted by the Government were adequate, under *Quinn*, to discharge its duty to deny the use of unlawfully obtained material.

*Right to Confrontation*

Hill argues finally that her right to confrontation was violated when the court considered an *ex parte* affidavit *in camera* in deciding her motion to quash, her § 3504 motion, and her motion for an evidentiary hearing. The basis of her argument appears to be that since she is incarcerated, and since throughout the proceedings this possibility was not entirely remote, she should have been accorded the right to confront all the evidence against her.

While one found in civil contempt may be incarcerated, it is not established that a potential contemnor is entitled to the full panoply of rights afforded an accused in a criminal proceeding. It is generally agreed that "[a] person charged with civil or criminal contempt is entitled to have counsel present, to be given adequate notice, and to have an opportunity to be heard." *United States v. Anderson*, 553 F.2d 1154, 1155 (8th Cir.1977); *see In re Grand Jury Investigation*, 600 F.2d 420, 423 n. 7 (3d Cir. 1979); *In re Bianchi*, 542 F.2d 98, 101 (1st Cir.1976); *United States v. Alter*, 482 F.2d 1016, 1023 (9th Cir.1973); *see also In re Rosahn*, 671 F.2d 690, 697 (2d Cir.1982) (civil contempt trial should be public) (*codified at* Fed.R.Crim.P. 6(e)(5) (Supp.1985); *see generally Middendorf v. Henry*, 425 U.S. 25, 37, 96 S.Ct. 1281, 1288, 47 L.Ed.2d 556 (1976); *Shillitani v. United States*, 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966).

We do not doubt that incarceration for civil contempt may be just as unpleasant as incarceration for violation of a criminal statute. But a civil contemnor may end his imprisonment at any time, and this justifies a differing standard. We hold that whatever the scope of a contemnor's right to confrontation, the right was not

violated here by the court's examination of an *ex parte in camera* affidavit.

Having determined that none of Hill's arguments is meritorious, we affirm the judgment of the district court.