**UNITED STATES of America,**

v.

**William LILLY.**

**No. Crim. 90–10316–WGY.**

United States District Court,
D. Massachusetts.

Feb. 22, 1999.

Stephen R. Delinsky, Eckert, Seamans, Cherin & Mellott, Boston, MA, for Robert G. Kline, interested party.

Peter E. Gelhaar, Donnelly, Conroy & Gelhaar, Boston, MA, for John P. Thompson, interested party.

Stephen R. Delinsky, Eckert, Seamans, Cherin & Mellott, Boston, MA, Peter E. Gelhaar, Donnelly, Conroy & Gelhaar, Boston, MA, for William Harkins, interested party.

Thomas E. Dwyer, Jr., Dwyer & Collora, Boston, MA, for Valerie Kaan, interested party.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

### I. Introduction

As part of its enforcement of a criminal restitution order against William W. Lilly ("Lilly"), the United States (the "Government") is conducting an investigation to determine whether any of three non-party witnesses hold, or have assisted in concealing, assets for Lilly. The nonparty witnesses move to quash certain subpoenas issued to them by the Government. In opposition, the Government relies in part on an affidavit which it has requested the Court to accept ex parte and keep under seal, thus posing the question whether use of such ex parte evidence is permissible and, if permissible, whether such use is appropriate in the circumstances of this case.

### II. Discussion

The Government's Motion for Leave to File Affidavit Under Seal (the "Motion") raises two competing interests: the Government's interest in keeping grand jury testimony secret (as expressed in Fed.R.Crim.P. 6[e] ), and the nonparty witnesses' interest in viewing the alleged foundation for the government's subpoena request. Case law resolving this specific conflict is sparse. The most that can be said is that the trial judge retains substantial discretion over these types of matters.

■ The background rule is that sealed affidavits, like any in camera proceeding, are a disfavored means of offering testimony: "[I]n camera proceedings are extraordinary events; the presumption is against such proceedings when rights of individuals are to be adjudicated." *In re Grand Jury Proceedings*, 814 F.2d 61, 72 (1st Cir.1987) (internal citations omitted). Nevertheless, the Government has argued that in this case the presumption should be overcome by (1) the need to maintain secrecy with respect to the grand jury process, and (2) the Government's "right to keep information and documents developed through its ongoing investigation confidential under the investigatory files privilege." U.S.Mem. at 1, 2. These interests have both been recognized by the First Circuit, and this Court addresses them *seriatim*.

### A. Grand Jury Testimony

Judges in several cases have grappled with the conflict between the Government's need to keep grand jury proceedings secret, and the defendant or witness' need to examine and rebut pertinent evidence against her. In many situations, this conflict has been resolved in favor of the Government. *See In re Grand Jury*, 73 F.3d 355, 1996 WL 10777 (1st Cir.1996) (Government allowed to use in camera testimony to oppose grand jury witness' 18 U.S.C. § 3504 electronic surveillance disclosure motion); *In re Grand Jury Proceedings*, 30 F.3d 126 (1st Cir.1994) (Government's sealed, ex parte affidavit sufficient to oppose grand jury witness's argument that Government used grand jury to assist in prosecution of a pending indictment); *In re Grand Jury Proceedings*, 786 F.2d 3, 7–8 (1st Cir.1986) (grand jury witness' right to confrontation not violated by use of in camera ex parte affidavit to oppose witness' motion to quash and section 3504 motion). In short, the use of sealed affidavits to protect grand jury testimony from disclosure has been found permissible in the First Circuit under appropriate circumstances.

■ Nevertheless, the general rule remains that disclosure of grand jury testimony may be made "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i). Such a decision lies squarely within the discretion of the trial judge. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) ("[W]e emphasize that a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion."). Here, the Government's interest is weakened by the fact that the grand jury investigations appear to be closed, thus eliminating the concern that future investigatory actions by the grand jury will be hampered by disclosure. It also appears that the agent who made out the affidavit relied at least in part on independent investigations and other non-grand jury derived evidence, thus weakening

the claim for protection. *See In re Grand Jury Subpoena,* 615 F.Supp. 958, 966 (D.Mass.1985) ("Disclosure of the [sealed] affidavit in open court is particularly appropriate where ... the information contained therein is a fruit of the Government's own investigatory activity and does not bear the imprint of the Grand Jury's independent initiative.") (quoting *In re September 1971 Grand Jury,* 454 F.2d 580 [7th Cir.1971], *rev'd on other grounds, United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 [1973] ).

Additionally, there is the concern that if the Government's Motion is allowed, then the non-party witnesses' Motion to Quash Subpoenas will be decided based almost entirely on in camera testimony. The Government's other evidence amounts to little more than statements that the parties knew each other, a rather thin basis for determining that the non-party witnesses may hold assets attributed to the judgment debtor or may be facilitating the concealment of assets. *Cf. In re Grand Jury Proceedings,* 814 F.2d at 73 (requiring that the trial judge rely on "knowledge of the total context of [the] case and not merely ... one ex parte affidavit" in making the determination that the Government was not improperly using the grand jury to investigate pending indictment).[1] Finally, it must be noted that this is not the typical case involving a clash between grand jury secrecy and a litigant's desire to view needed evidence. Here, it is not a party requesting access to grand jury testimony to make his or her case. Instead, the Government is seeking discovery **from** third parties and justifying the request on evidence shown in grand jury testimony which the Government simultaneously wants to keep secret. Essentially, the Government wants to have its cake and eat it too. In light of Fed. R.Crim.P. 6(e)(3)(C)(i), the present case is an appropriate one for ordering disclosure.

## B. Investigatory Privilege

■ The Government's second argument, that it should be entitled to rely upon an "investigatory privilege" as grounds for sealing the affidavit, also finds some resonance in First Circuit case law. "The federal courts have recognized a qualified common-law privilege ... for law enforcement investigatory information." *Kattar v. Doe,* Civ. A. No. 86–2206–MC, 1987 WL 11146, at *1 (D.Mass. Jan. 27, 1987) (Saris, M.); *accord United States v. Cintolo,* 818 F.2d 980, 1002 (1st Cir.1987). "Because it is a conditional privilege, the Court must balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information." *Kattar,* 1987 WL 11146 at *1. The party claiming privilege (in this case the Government) has the burden of establishing its existence. *See id.*

While this privilege has been recognized in the First Circuit, it has only been upheld in two limited circumstances: when disclosure might reveal the location of electronic surveillance equipment or the identity of a Government informant. *See Cintolo,* 818 F.2d at 1002. In the present case, the Government has argued neither of those two risks, nor has it offered any analogous dangers of disclosure that are specific enough to support a claim of privilege. *See Kattar,* 1987 WL 11146 at *2 (rejecting claim of privilege because the Government merely argued an interest in keeping "general procedures and security measures" secret). At oral argument, the Government suggested that disclosure of the affidavit might allow the non-party witnesses to alter their testimony in subsequent proceedings. The Government, however, has not offered to show any specific reasons for fearing such tailored testimony. "It would be an abdication of judicial responsibility to order sealing whenever the government makes unsupported claims of harm." *In re Search Warrant for Second Floor Bedroom,* 489 F.Supp. 207, 212 (D.R.I.1980) (rejecting general claim that search warrant affidavit should be sealed in order to prevent grand jury witnesses from having the ability to alter their testimony).

1. Judge Torruella concurred in the case to express the view that "the ex parte affidavit, alone, provides adequate support for the district court's [decision]." *In re Grand Jury Proceedings,* 814 F.2d at 73.

### III.  Conclusion

For the reasons described above, the Government's Motion for Leave to File Affidavit Under Seal is DENIED.  Because the Government has indicated a desire to file the affidavit even if the Court orders disclosure, the Court accepts the affidavit albeit not under seal.  The Government shall serve the affidavit on all parties and the non-party witnesses who shall have thirty days from the date of this order to submit additional briefs on the motions to quash.